**UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

**Case No. 14-24920-Civ**

RONALD KIRSCH,

        Plaintiff,

vs.

CARNIVAL CORPORATION, d/b/a
CARNIVAL CRUISE LINES,

        Defendant.

_____/

<u>**COMPLAINT AND DEMAND FOR JURY TRIAL**</u>

      Plaintiff, RONALD KIRSCH, sues the Defendant, CARNIVAL CORPORATION, d/b/a

CARNIVAL CRUISE LINES, for negligence, and in support thereof alleges:

1.     Plaintiff is a resident of Louisiana and a citizen of United States.

2.     Defendant is and was at all times material based in Miami, Florida, and at all times

material, operated, conducted, engaged and/or carried on a business or business venture

in Miami, Florida as a common carrier by water for hire, and, furthermore, owned,

managed and/or operated the vessel known as the *Sunshine*.  Defendant, and any and all

predecessors or successors in interest, and officers, agents, servants and employees

through which Defendant acted, are collectively referred to herein as "Defendant."

3.     This Court has jurisdiction over this matter pursuant to 28 U.S.C.A. §§1332 and 1333(1).

4.     The Plaintiff was issued one of Defendant's customary passenger ticket contracts for a

cruise aboard the *Sunshine* as a paying passenger for a cruise vacation.  Plaintiff is no

longer in possession of the ticket contract. However, the terms and conditions of the customary passenger ticket contract are available on Defendant's website.

5.  Venue in this district is appropriate inasmuch Defendant is based here and because Defendant has a forum selection clause in its customary passenger ticket contract requiring suit be brought here.

6.  The Plaintiff has complied with all conditions precedent to bringing suit, inclusive of providing timely notice and timely filing the instant suit in accordance with the Defendant's customary passenger ticket contract.

7.  Plaintiff was at all times material *sui juris*.

8.  On or about January 3, 2013, at or about 11:30 a.m. on January 3, 2013, Mr. Kirsch slipped on a wet, oily and slippery transitory substance on the port side, third floor deck to the right of the area at the bow of the *Sunshine*, on which he was a passenger enjoying a vacation with his wife and friends. The oily matter apparently leaked from a life boat or its appurtenances. Mr. Kirsch attempted to grab the railing to prevent himself from falling, but the railing, too, was slippery from the substance. Mr. Kirsch thus fell and suffered injury.

9.  The wet, oily and slippery transitory substance constituted an unsafe or foreseeably hazardous condition.

10. Where a cruise line Defendant created the unsafe or foreseeably hazardous condition, a plaintiff need not prove that the defendant had actual or foreseeable notice of the condition in order to show negligence.

11. Defendant Carnival created the condition.

12.    Additionally or alternatively, Defendant had actual or constructive notice of the condition by, inter alia, the length of time the condition existed; the size or nature of the condition; or the fact that the condition, a similar condition, or the cause of the condition was repetitive, continuous, ongoing, recurring, or occurring with some regularity.

13.    Thus, the condition was reasonably foreseeable and in the exercise of reasonable care the Defendant should have known about it.

14.    Defendant had notice of the condition for a sufficient interval of time to invite corrective measures.

15.    Defendant owed Plaintiff the duty to exercise reasonable care under the circumstances.

16.    The Defendant, by and through its agents or employees, including, without limitation, its crew aboard the *Sunshine*, breached this duty and was thus negligent, including, without limitation, as follows:

   a.    Failing to warn of a danger known to the carrier in places to which the passenger is invited or may reasonably be expected to go;

   b.    Failing to provide a safe deck area for passengers to traverse;

   c.    Failing to inspect the deck area for safety purposes;

   d.    Failing to properly and reasonably monitor the area;

   e.    Failing to otherwise maintain the area and the premises in a safe and reasonable manner;

   f.    Failing to implement a method of operation which was reasonable and safe and would prevent dangerous conditions such as the one in this case;

   g.    Failing to maintain, repair or modify the item from which the substance leaked;

   h.    Allowing the dangerous condition to exist and not correcting the condition; or

      i.      Allowing an ongoing, recurring, continuous or repetitive problem to occur or to remain on the premises which would cause accidents or injuries.

17.     As a direct and proximate result of the negligence of the Defendant, Plaintiff suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of the capacity for the enjoyment of life, expense of hospitalization, medical and/or nursing care and/or treatment, transportation costs, loss of earnings, loss of the ability to earn money, and/or an aggravation of a previously existing condition.  All or part of the Plaintiff's losses are permanent and/or continuing in nature and Plaintiff shall continue to suffer from those losses in the future.

18.     WHEREFORE, the Plaintiff demands judgment for damages against the Defendant, together with applicable costs, and any other relief deemed just and appropriate by this Honorable Court, and further demands trial by jury of all issues so triable.

                 Respectfully submitted,

                 **BRILL & RINALDI, THE LAW FIRM**
                 17150 Royal Palm Boulevard, Suite 2
                 Weston, FL 33326
                 Telephone:  (954) 876-4344
                 Facsimile:  (954) 384-6226

                 s/ *David W. Brill*
                 **David W. Brill, Esq.**
                 Florida Bar No.:  959560
                 Primary e-mail:  david@brillrinaldi.com
                 Secondary e-mail:  yamile@brillrinaldi.com
                 **Joseph J. Rinaldi, Jr., Esq.**
                 Florida Bar No.:  581941
                 Primary e-mail:  joe@brillrinaldi.com
                 Secondary e-mail:  yamile@brillrinaldi.com
                 **Anely M. Hernandez, Esq.**
                 Florida Bar No.: 105993
                 Primary e-mail:  anely@brillrinaldi.com
                 Secondary e-mail:  yamile@brillrinaldi.com